UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 18-30263 |
| | ) | |
| LIANA SUE RICHARDSON, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| KEVIN JUBER and wife LINDA JUBER, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 18-3026 |
| | ) | |
| LIANA SUE CONKLIN, | ) | |
| | ) | |
| Defendant. | ) | |

**NOTICE OF PLAINTIFFS' MOTION TO APPROVE SETTLEMENT AND NOTICE OF HEARING**

**TAKE NOTICE** that Plaintiffs Kevin Juber and Linda Juber have filed a Motion to Approve Settlement. A copy is attached.

<u>**Your rights may be affected**</u>**. You should read these papers carefully and discuss them with your attorney, if you have one in this bankruptcy case. If you do not have an attorney, you may wish to consult one.**

If you do not want the Court to order relief sought in the motion, or if you want the Court to consider your views on the matter, then on or before **September 22, 2020**, you or your attorney must do three (3) things:

1. **File with the Court a written response <u>requesting that the Court hold a hearing</u> and explaining your position. File the response at:**

U.S. Bankruptcy Court, 401 West Trade Street, Room 111, Charlotte, NC 28202-1669.

If you mail your request to the Court for filing, you must mail it early enough so the Court will **receive** it on or before the date stated above.

2. **On or before the date stated above for written responses, you must also mail or fax a copy of your written request to:**

Heather W. Culp, Essex Richards, P.A., 1701 South Boulevard, Charlotte, NC 28203.

U.S. Bankruptcy Administrator, 402 West Trade St., Ste 200, Charlotte, NC 28202-1669.

3.  **Attend the hearing scheduled for September 30, 2020, at 10:30 a.m.** at the United States Bankruptcy Court, 401 West Trade Street, Charlotte, North Carolina 28202.

Take other steps required to oppose a motion or objection under local rule or court order.

If you or your attorney do not take these steps, the court may decide that you do not oppose the relief sought in the motion or objection and may enter an order granting that relief.

This the 8th day of September, 2020.

*/s/ Heather W. Culp*

Heather W. Culp
NC Bar No. 30386
Attorney for Plaintiffs Kevin & Linda Juber
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
Tel: (704) 377-4300
Fax: (704) 372-1357
E-mail: hculp@essexrichards.com

2

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 18-30263 |
| | ) | |
| LIANA SUE RICHARDSON, | ) | Chapter 13 |
| | ) | |
| _____Debtor._____ | ) | |
| KEVIN JUBER and wife LINDA JUBER, | ) | Adversary Proceeding No. 18-3026 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| LIANA SUE CONKLIN, | ) | |
| | ) | |
| _____Defendant._____ | ) | |

**MOTION TO APPROVE SETTLEMENT**

Plaintiffs Kevin Juber and Linda Juber move the Court for the entry of an order authorizing and approving the settlement by and between the Jubers and Defendant/Debtor Liana Sue Conklin (collectively, "the Parties"). The Jubers seek this relief pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure and Local Bankruptcy Rules 9013-1(e) and 9019-1 and show in support as follows:

1. This Court has jurisdiction over this motion. 28 U.S.C. §§ 157, 1334. This is a core proceeding. 28 U.S.C. § 157(b)(2). Venue is appropriate. 28 U.S.C. § 1409.

BACKGROUND

2. On February 20, 2018, Ms. Conklin filed the above-captioned Chapter 13 case now pending in this Court.[1]

3. On April 25, 2018, the Jubers filed the Complaint commencing this adversary proceeding. In it, the Jubers objected to the discharge of the debt Ms. Conklin owed to them on the basis that it is for "the refinance of indebtedness which qualifies as a qualified educational loan, as defined in section 221(d) of the Internal Revenue Code of 1986, incurred by the Debtor who is an individual," citing 11 U.S.C. § 523(a)(8)(B) [Doc. 1, ¶ 2]. The Jubers' Complaint also sought an award of attorney's fees and costs.

---

[1] On January 15, 2020, the Debtor filed in the Chapter 13 "base case" a Notification of Name Change to Liana Sue Richardson. [Base Case Doc. 78].

3

4. On June 19, 2018, Ms. Conklin filed an Answer requesting that the Jubers be denied the relief sought. [Doc. 5]. Ms. Conklin's Answer also sought an award of attorney's fees and costs.

5. On October 3, 2018, the Jubers filed a Motion for Partial Summary Judgment [Doc. 11]. This Court granted the Jubers' motion, entering an Order dated December 3, 2018 [Doc. 21] which held that Ms. Conklin's private student loans that the Jubers paid off in 2015 were "qualified education loans" within the meaning of 11 U.S.C. § 523(a)(8)(B).

6. On January 25, 2019, the parties tried the remaining issues of fact. [Doc. 40]. On February 7, 2019, this Court announced its ruling that the debt arising from the Loan is dischargeable and allowed as a general unsecured claim. On August 26, 2019, this Court entered its written Judgment in favor of Ms. Conklin [Doc. 47] and the related Findings of Fact, Conclusions of Law, and Order Granting Judgment to the Defendant [Doc. 48].

7. The Jubers appealed. On April 6, 2020, the district court reversed, holding that the Loan is an educational loan under 11 U.S.C. § 523(a)(8)(B) and would be nondischargeable if it is determined that the Loan was a "refinance" under 26 U.S.C. § 221(d)(1). Ms. Conklin's original student loans. [Doc. 62]. The district court remanded to this Court to determine whether the Loan is a "refinance" and thus is nondischargeable in Ms. Conklin's Chapter 13.

8. Following remand, the parties consented to mediation. [Doc. 67]. On July 13, 2020, a filed Report of Mediator advised that mediation was held on July 10, 2020 and resulted in impasse. [Doc. 70]. On August 20, 2020, the mediator filed an Amended Report informing this Court that discussions had continued and resulted in a complete settlement of this adversary proceeding on August 18, 2020. [Doc. 74]. The Amended Report further advised that the Jubers' counsel would prepare and file a motion to approve compromise no later than September 1, 2020. This motion complies with the Mediator's Amended Report.

9. In light of the foregoing history and the costs and risks associated with continued litigation, the Parties have agreed to resolve the disputes in this adversary proceeding. The Parties' agreement is memorialized in the proposed Consent Judgment attached as <u>Exhibit A</u>.

10. Undersigned counsel has represented and advised the Jubers throughout this adversary proceeding. Co-counsel for the Jubers Bonnie Keith Green entered an appearance in this adversary on April 1, 2019 [Doc. 39]. Ms. Culp and Ms. Green represented and advised the Jubers during the district court appeal. Undersigned counsel represented and advised the Jubers throughout the mediation and the post-mediation discussions.

11. David R. Badger has represented and advised Ms. Conklin since at least his April 30, 2018 entry of appearance [Doc. 4]. Co-counsel for Ms. Conklin Richard Fennell entered an appearance in this adversary on March 18, 2019 [Doc. 52]. Diana A. Saffa has represented and advised Ms. Conklin throughout the Chapter 13 base case. Messrs. Badger and Fennell and Ms. Saffa represented and advised Ms. Conklin throughout the mediation and the post-mediation

4

discussions.

## SETTLEMENT TERMS

12. The material terms of the settlement of this adversary proceeding are as follows:

 a. The Parties agree that the debt Ms. Conklin owes to the Jubers is a qualified education loan excepted from discharge pursuant to 11 U.S.C. § 523(a)(8)(B).

 b. The Parties agree that the amount of the nondischargeable debt is $110,000.

 c. The Parties agree to enter into and file the attached Consent Judgment.

 d. The Parties agree that post-judgment interest shall accrue at the rate of 12% per annum from the date of the Consent Judgment until paid.

13. Neither the Jubers nor Ms. Conklin have released, waived, or compromised any of their rights, claims, objections or defenses in the Chapter 13 case.

14. In the event of any conflict between the above summary of material terms and the terms in the Consent Judgment entered by this Court, the terms in the entered Consent Judgment will govern and control.

15. The Parties have each been represented by counsel throughout this adversary proceeding and during the Chapter 13 case.

16. The Parties have determined that their respective best interests are served by settling this adversary proceeding on the terms set forth in the Consent Judgment.

17. The Parties believe that the proposed settlement is: in their best interests; fair, reasonable and equitable; and avoids the uncertainty, burden, and expense of additional litigation of the matters raised in the adversary proceeding.

## NOTICE

18. Notice of this motion and opportunity for hearing has been given to the Chapter 13 Trustee, the Bankruptcy Administrator, and all parties in interest case-wide (including the matrix in the base case).

WHEREFORE, the Parties respectfully request that the Court grant this motion, enter the attached proposed Consent Judgment, and grant such other and further relief as may be just and proper.

This the 8th day of September, 2020.

*/s/ Heather W. Culp*
_____
Heather W. Culp
NC Bar No. 30386
Attorney for Plaintiffs Kevin & Linda Juber
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
Tel: (704) 377-4300
Fax: (704) 372-1357
E-mail: hculp@essexrichards.com

## CERTIFICATE OF SERVICE

I hereby certify that on the 8th day of September, 2020, I electronically filed the foregoing **NOTICE OF PLAINTIFFS' MOTION TO APPROVE SETTLEMENT AND NOTICE OF HEARING** and **PLAINTIFFS' MOTION TO APPROVE SETTLEMENT** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to those registered, including the following parties:

Shelley K. Abel, U.S. Bankruptcy Administrator
Warren L. Tadlock, Chapter 13 Trustee
Richard B. Fennell, Special Counsel for Defendant/Debtor
David R. Badger, Special Counsel for Defendant/Debtor

I further certify that a copy of the foregoing was served on the following via U.S. Mail, first-class, postage prepaid, on September 8, 2020:

Diana A. Saffa
10700 Sikes Place, Ste. 390
Charlotte, NC 28277
*Attorney for the Debtor*

All on the attached matrix.

/s/ Heather W. Culp
_____
Heather W. Culp
NC Bar No. 30386
Attorney for Plaintiffs Kevin & Linda Juber
Essex Richards, P.A.
1701 South Boulevard
Charlotte, NC 28203
Tel: (704) 377-4300
Fax: (704) 372-1357
E-mail: hculp@essexrichards.com

7

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| In re: | ) | Bankruptcy No. 18-30263 |
| | ) | |
| LIANA SUE RICHARDSON, | ) | Chapter 13 |
| | ) | |
| Debtor. | ) | |
| KEVIN JUBER and wife LINDA JUBER, | ) | Adversary Proceeding No. 18-3026 |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | **CONSENT JUDGMENT** |
| | ) | |
| LIANA SUE CONKLIN, | ) | |
| | ) | |
| Defendant. | ) | |

This adversary proceeding came before the Court with the consent of the parties as indicated below. Having reviewed the record and being otherwise sufficiently advised, the Court finds and concludes as follows:

1. Defendant Liana Sue Conklin, as maker, and Plaintiffs Kevin and Linda Jubers, as holders, executed a promissory note dated December 2, 2015 for the principal sum of $80,820.18 ("the Loan").

2. On February 20, 2018, "Ms. Conklin" filed the above-captioned Chapter 13 case now pending in this Court.[1]

3. Ms. Conklin's Schedule E/F disclosed a debt to the Jubers incurred on December 2, 2015, in the amount of $68,653 and characterized it as a "personal loan." [Base Case Doc. 1].

4. On March 17, 2018, the Jubers timely filed a proof of claim in the Chapter 13 case, asserting that Ms. Conklin owed them $69,136.40 and characterizing it as a "loan provided to refinance student loans." [Clerk Claim 2-1]. The Jubers attached to their proof of claim a copy of the December 2, 2015 promissory note.

5. On April 25, 2018, the Jubers filed the Complaint commencing this adversary proceeding. In it, the Jubers objected to the discharge of the Loan pursuant to 11 U.S.C. § 523(a)(8)(B) on the basis that it is for "the refinance of indebtedness which qualifies as a qualified educational loan, as defined in section 221(d) of the Internal Revenue Code of 1986, incurred by the Debtor who is an individual." [Doc. 1, ¶ 2]. The Jubers alleged that the Loan was the result of an agreement with Ms. Conklin that the Jubers would pay in full certain private student loans that Ms.

---

[1] On January 15, 2020, the Debtor filed in the Chapter 13 "base case" a Notification of Name Change to Liana Sue Richardson. [Base Case Doc. 78].

EXHIBIT A

Conklin had used to finance her college education in exchange for her agreement to repay them. [Doc. 1].

      6.     The Jubers' Complaint also sought an award of attorney's fees and costs. [Doc. 1, ¶¶ 28-30].

      7.     On June 19, 2018, Ms. Conklin filed an Answer requesting that the Jubers be denied the relief sought. [Doc. 5]. Ms. Conklin's Answer also sought an award of attorney's fees and costs. [Doc. 5].

      8.     On October 3, 2018, the Jubers filed a Motion for Partial Summary Judgment [Doc. 11]. This Court granted the Jubers' motion, entering an Order dated December 3, 2018 [Doc. 21] which held that Ms. Conklin's private student loans that the Jubers paid off in 2015 were "qualified education loans" within the meaning of 11 U.S.C. § 523(a)(8)(B).

      9.     On January 25, 2019, the parties tried the remaining issues of fact. On February 7, 2019, this Court announced its ruling that the debt arising from the Loan is dischargeable and allowed as a general unsecured claim. On August 26, 2019, this Court entered its written Judgment in favor of Ms. Conklin [Doc. 47] and the related Findings of Fact, Conclusions of Law, and Order Granting Judgment to the Defendant [Doc. 48].

      10.    The Jubers appealed. On April 6, 2020, the district court reversed, holding that the Loan is an educational loan under 11 U.S.C. § 523(a)(8)(B) and would be nondischargeable if it is determined that the Loan was a "refinance" of Ms. Conklin's original student loans under 26 U.S.C. § 221(d)(1). [Doc. 62]. The district court remanded to this Court to determine whether the Loan is a "refinance" and thus is nondischargeable in Ms. Conklin's Chapter 13.

      11.    Following remand, the parties consented to mediation. [Doc. 67]. On July 13, 2020, a filed Report of Mediator advised that mediation was held on July 10, 2020 and resulted in impasse. [Doc. 70]. On August 20, 2020, the mediator filed an Amended Report informing this Court that discussions had continued and resulted in a complete settlement of this adversary proceeding on August 18, 2020. [Doc. 74]. The Amended Report further advised that the Jubers' counsel would prepare and file a motion to approve compromise no later than September 1, 2020.

      12.    On _____, 2020 [Doc. \_\_\_] the Jubers filed a Notice of Opportunity for Hearing and a Motion to Approve Settlement. The Notice and Motion were served on the Chapter 13 Trustee, the Bankruptcy Administrator and all parties in interest case-wide (including the matrix in the base case).

      13.    On _____, 2020 [Doc. \_\_\_], this Court entered an Order approving the parties' settlement. This Consent Judgment effectuates the approved settlement.

14. Each party to this Consent Judgment acknowledges having had the benefit of advice of competent legal counsel with respect to its decision to enter into this Consent Judgment.

WHEREFORE, for the foregoing reasons, and with the consent of the parties, the Court hereby ORDERS, ADJUDGES and DECREES that:

1. The Jubers' objection to the dischargeability of Ms. Conklin's obligation under 11 U.S.C. § 523(a)(8)(B) is GRANTED;

2. Judgment is hereby entered in favor of the Jubers and against Ms. Conklin on Count One (Objection to Dischargeability) and Count Two (Attorney's Fees, Costs and Expenses) in the amount of $110,000 plus interest accruing at the rate of 12% per annum from the date of this Judgment until paid; and

3. Ms. Conklin's request for an award of reasonable attorney fees and costs incurred is DENIED.

SO ORDERED.

**CONSENTED TO BY:**

_____           _____
Kevin Juber                                              Liana Sue Richardson, formerly known as
                                                                 Liana Sue Conklin


_____
Linda Juber


**NO OBJECTION:**

/s/ Warren L. Tadlock
Warren L. Tadlock, Chapter 13 Trustee
Jenny P. Holman
5970 Fairview Road, Suite 650
Charlotte, NC 28210
Telephone: (704) 372-9650
Email: wtadlock@ch13clt.com

This Order has been signed                              United States Bankruptcy Court
electronically. The judge's
signature and court's seal
appear at the top of the Order.

3